T.C. Memo. 2011-253

UNITED STATES TAX COURT

GEORGE R. WARD, Petitioner, AND VICTORIA J. WARD, Intervenor <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4493-09.                    Filed October 31, 2011.

George R. Ward, pro se.

Victoria J. Ward, pro se.

<u>Kimberly L. Clark</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

MORRISON, <u>Judge</u>:  The petitioner, George R. Ward, seeks our
review under Internal Revenue Code section 6015(e)[1] of the IRS's
denial of relief from joint and several liability for the tax

---

[1]All references to sections are to the Internal Revenue
Code.

year 2005.  For that year, he filed a joint return with his then wife, Victoria J. Ward, who is the intervenor in this proceeding. We sustain the IRS's determination for the reasons explained below.

FINDINGS OF FACT

The stipulation of facts, which was filed on September 27, 2010, and the supplemental stipulation of facts, which was filed on November 10, 2010, are incorporated in this opinion by this reference.

George R. Ward and Victoria J. Ward were married in 1991.

In January 2005, George R. Ward received an early distribution of $26,995 from his retirement account.

In August 2005, George R. Ward and Victoria J. Ward separated.

George R. Ward and Victoria J. Ward filed a valid joint federal income-tax return for 2005.[2]  The return reported the $26,995 distribution as income, but it did not report the 10-percent additional tax imposed under section 72(t) on early distributions from retirement plans.  The 10-percent additional tax was not paid with the return.

In June 2006 the IRS determined that the Wards had overpaid their 2005 tax liability by $5,815.  The IRS applied $818.61 to

_____

[2]The record reflects that the return was filed by its due date.  However, it is unclear whether the due date was Apr. 15, 2006, or was extended.

the Wards' joint tax liability for 2003 and refunded the remaining $4,996.39 to Victoria J. Ward.

In September 2006, divorce proceedings were initiated. On May 29, 2007, George R. Ward and Victoria J. Ward were divorced.

In 2007, George R. Ward and Victoria J. Ward received a deficiency notice from the IRS determining a $2,666.50 deficiency for 2005.[3] The deficiency was based on the couple's liability for the 10-percent additional tax on early distributions from retirement plans. Neither George R. Ward nor Victoria J. Ward filed a Tax Court petition in response to the deficiency notice.

In July 2007, George R. Ward submitted a request for innocent-spouse relief to the IRS. He argued that he should not be liable for the understatement on the 2005 return: he said he had not reviewed the return and could not have known that it was prepared incorrectly. On December 3, 2007, the IRS office that handles innocent-spouse matters sent George R. Ward a letter informing him that it had made a preliminary determination that he was not entitled to relief from joint and several liability. The letter stated that the $26,995 distribution was from George R. Ward's retirement account, that the joint return failed to report the 10-percent additional tax, and that relief was not available to him under section 6015(b),(c), or (f) because

---

[3]The record does not explain why the deficiency was not $2,699.50, which is 10 percent of $26,995.

"relief is not allowed on tax you owe on your own income or deductions." On December 27, 2007, George R. Ward submitted to the IRS a Form 12509, Statement of Disagreement, stating that the IRS's preliminary determination was wrong because he had not reviewed the return or received the refund. On September 24, 2008, IRS Appeals Officer Janie Duncan sent George R. Ward a letter informing him that because "The additional tax charged on the joint return is solely attributable to your income", she determined that he was not entitled to relief from joint and several liability. On November 13, 2008, the IRS Appeals Office mailed a final determination letter to George R. Ward denying him relief from joint and several liability. The letter stated that "Relief is not allowed on tax you owe on your own income or deductions" and "You knew, or had reason to know, of the income or deductions that caused the additional tax."

George R. Ward filed a Tax Court petition to challenge the final determination. At the time, he resided in Idaho. Victoria J. Ward entered the case as an intervenor by filing a notice of intervention. She resided in Maryland when she filed the notice.

Trial of this case was held in Boise, Idaho, on September 27, 2010. The Court issued an order setting this case for further trial in Washington, D.C., for March 14, 2011. On November 10, 2010, the parties filed a supplemental stipulation

of facts and moved to close the record.  The Court granted the motion to close the record on December 13, 2010.

At trial George R. Ward argued that he should not be held liable for the 10-percent additional tax because, he asserted, he had not reviewed the return.  He also argued that a portion of the distribution from his retirement account had been withheld for payment of the 10-percent additional tax, that his wife benefited from the withholding because she received the tax refund, and that for him to be liable for the tax would require him to pay the tax twice.

The IRS took the position that he was not entitled to section-6015(b) relief because (1) the understatement on the 2005 return was not attributable to an erroneous item of his former wife, (2) he knew or had reason to know there was an understatement, and (3) it is not inequitable to hold him liable for the deficiency.  The IRS argued that he was ineligible for section-6015(c) relief because the deficiency was solely allocable to him.  And the IRS contended that he was ineligible for section-6015(f) relief because (1) the 10-percent additional tax was attributable to him, not his former wife, and (2) he is not entitled to relief after consideration of the seven factors listed in Rev. Proc. 2003-61, sec. 4.03, 2003-2 C.B. 296, 298.

OPINION

Section 6013(d)(3) provides that the income tax for a married couple who files a joint return is computed by aggregating the two incomes and that their income-tax liability is joint and several. Section 6015(a) provides that notwithstanding section 6013(d)(3) a person who files a joint return is relieved of joint liability under three specific exceptions set forth in section 6015(b),(c), and (f). Except as otherwise provided by section 6015, the person seeking section-6015 relief has the burden of proving entitlement to relief. Tax Court Rule of Practice and Procedure 142(a); Alt v. Commissioner, 119 T.C. 306, 311 (2002), affd. 101 Fed. Appx. 34 (6th Cir. 2004). In this case, George R. Ward has the burden of proof.

In reviewing the IRS's denial of section-6015 relief, we accord no deference to the IRS's determination. See Porter v. Commissioner, 132 T.C. 203, 210 (2009) (stating that the Tax Court applies a de novo standard of review in reviewing section 6015(b), (c), and (f) determinations).

1. Section 6015(b)

Section 6015(b) relieves a person of joint income-tax liability only if: (A) a joint return was made for the person, (B) on the return there is an understatement of tax attributable to erroneous items of the other filer, (C) the person establishes that he or she did not know of the understatement and had no

reason to know of the understatement, and (D) it is inequitable to hold the person liable for the tax deficiency attributable to the understatement.  These four conditions are imposed by section 6015(b)(1)(A), (B), (C), and (D), respectively.  George R. Ward has failed to demonstrate that the condition imposed by section 6015(b)(1)(B) is met; i.e., that there is "an understatement of tax attributable to erroneous items" of the other filer.  Section 1.6015-1(h)(4), Income Tax Regs., provides:  "An erroneous item is any item resulting in an understatement or deficiency in tax to the extent that such item is omitted from, or improperly reported (including improperly characterized) on an individual income tax return."  The joint tax return for 2005 reflected an erroneous item:  the unreported 10-percent additional tax.  But the 10-percent additional tax was an erroneous item of George R. Ward, not Victoria J. Ward.  Section 72(t)(1) provides that "If any taxpayer receives any amount from a qualified retirement plan * * *, the taxpayer's tax * * * shall be increased by an amount equal to 10 percent of the portion of such amount which is includable in gross income."[4]  The $26,995 distribution was received by George R. Ward, not Victoria J. Ward.  He does not dispute that the distribution was from a qualified retirement

_____

[4]The additional tax does not apply to distributions made to taxpayers who are more than 59-1/2 years old.  Sec. 72(t)(2)(A)(i).  George R. Ward does not contend that he was more than 59-1/2 years old at the time of the distribution.

plan and that it was includable in gross income.  The 10-percent additional tax is therefore George R. Ward's erroneous item.

Because George R. Ward failed to satisfy section 6015(b)(1)(B), we need not reach whether he satisfied the other conditions of section 6015(b).  He is not entitled to relief under section 6015(b).

2.  Section 6015(c)

Section 6015(c) allows a person who is divorced or separated from the person with whom a joint return was filed to elect to limit his or her liability for any deficiency to the "portion of such deficiency properly allocable to" the electing person.  A deficiency resulting from a tax (other than the income tax on individuals imposed by section 1 and the alternative minimum tax imposed by section 55) is allocated to the joint filer to whom the tax would be allocated if separate returns were filed.  Sec. 6015(d)(2), (3)(A); sec. 1.6015-3(d)(4)(ii), Income Tax Regs.

The 10-percent additional tax would have been allocated to George R. Ward, not Victoria J. Ward, if they had filed separate returns.  George R. Ward received the distribution.  As the recipient, he was the taxpayer who would have been liable for the tax if separate returns had been filed.

Because the entire deficiency is properly allocable to George R. Ward, the limit on George R. Ward's liability is

$2,666.50.  This is the amount of the deficiency for 2005.

Therefore, section 6015(c) affords no relief to George R. Ward.

3.  Section 6015(f)

If relief is not available under section 6015(b) and (c),

the IRS is allowed by section 6015(f) to relieve a person of

joint liability if it would be inequitable for that person to be

liable.  Section 6015(f) provides that relief is to be granted

under "procedures prescribed by the Secretary".  This Court has

jurisdiction to decide whether a taxpayer qualifies for relief

under section 6015(f).  Sec. 6015(e)(1)(A); Porter v.

Commissioner, 132 T.C. 203, 206 (2009).

The IRS has issued revenue procedures to guide its employees

in determining whether a taxpayer is entitled to relief from

joint and several liability.  See Rev. Proc. 2003-61, supra,

modifying and superseding Rev. Proc. 2000-15, 2000-1 C.B. 447.

The Court consults those same guidelines when reviewing the IRS's

denial of relief.  See Washington v. Commissioner, 120 T.C. 137,

147 (2003) (following Rev. Proc. 2000-15, supra, the prior

version of the guidelines).  Rev. Proc. 2003-61, sec. 4.01, 2003-

2 C.B. at 297, imposes seven threshold conditions for relief

under section 6015(f).  The seventh condition is:  "The income

tax liability from which the requesting spouse seeks relief is

attributable to an item of the individual with whom the

requesting spouse filed the joint return (the 'nonrequesting

spouse')". Rev. Proc. 2003-61, sec. 4.01(7). The seventh condition has not been met by George R. Ward. The income-tax liability from which he seeks relief is the 10-percent additional tax on early distributions from retirement plans. As explained in our discussion of section-6015(b) relief, the 10-percent additional tax is George R. Ward's item of tax liability, not Victoria J. Ward's. Furthermore, none of the four exceptions to the imposition of the seventh condition is applicable. See Rev. Proc. 2003-61, sec. 4.01(7)(a)-(d). Therefore, George R. Ward is not entitled to relief under section 6015(f).

4. Conclusion

The determination of the IRS is sustained.

To reflect the foregoing,

Decision will be entered

for respondent.